IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONICA S. ROSE, | Case No.: 2:15-cv-1032 |
| Plaintiff, | |
| v. | Judge George C. Smith |
| FRIENDLY FINANCE CORPORATION, *et al.*, | Magistrate Judge Terence P. Kemp |
| Defendants | |

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

Plaintiff Monica Rose and Defendants Friendly Finance Corp. and American Modern Home Insurance Company have stipulated and agreed to the entry of this Protective Order ("Order") to protect the discovery and dissemination of confidential and/or proprietary information that may be disclosed in this litigation, and to facilitate the process of discovery relating to such information. Upon a showing of good cause pursuant to Fed. R. Civ. P. 26(c)(1), it is hereby ORDERED that:

1.  All documents, information and other materials designated as Confidential or Highly Confidential and produced or exchanged in the course of this litigation by any party or third-party shall be used or disclosed only in accordance with the terms of this Stipulated Protective Order ("Order").

2.  "Confidential Information," as used herein, means any information of any type, kind, or character that is designated as Confidential by any party or third-party, whether it be a document (in any form), information contained in a document, information revealed during a

1

deposition, information revealed in an interrogatory answer, or otherwise. A Party or third-party may designate as Confidential any nonpublic information produced in this litigation which constitutes or contains proprietary or commercially sensitive business or financial information, trade secrets, personal information, private or personal information of any Party's or third-party's customers, or information that otherwise meets the standards for protection set forth in Fed. R. Civ. P. 26.

3. "Highly Confidential" Information as used herein includes any document, electronic media, testimony, response to discovery request, transcription of a deposition, or other information designated as Highly Confidential by any Party or third-party. A Party may designate as Highly Confidential any nonpublic information produced in this litigation that constitutes sensitive proprietary and competitive business information that, if disclosed, may impair or destroy the commercial and proprietary value of such information or the privacy rights that attach to it.

## DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

4. Documents, information and other materials produced in this litigation may be designated by any party, or by any third-party producing the documents, information or other materials in this litigation, as Confidential or Highly Confidential by marking each page of the documents so designated with a stamp or label stating that it is "Confidential," or "Highly Confidential – Attorneys' Eyes Only" or otherwise labeling the information or other materials as such at the time of production. Where feasible, any electronic media containing Confidential or Highly Confidential Information shall likewise be marked with a stamp or label stating that it is "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5. In designating information as Confidential or Highly Confidential, the party or third-party will make such designation only as to that information which it, in good faith, believes contains Confidential or Highly Confidential Information which is not known or freely obtainable by the

general public and which is regarded by that party or third-party as a trade secret, confidential, or proprietary, of or to the disclosing party, including personal information of individuals or insureds, research, any proprietary business information, policyholder and claims-handling information, as well as any development or commercial information.  The designations "Confidential Information" and "Highly Confidential Information" shall be used only where necessary to protect information that is of particular sensitivity or value.

6. The terms Confidential and Highly Confidential do not apply to any documents, information or other materials to the extent that they have been previously disclosed publicly or are otherwise available to the public from any source, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or in violation of a duty not to disclose.  Any party asserting that a document or information is not Confidential or Highly Confidential as a result of circumstances discussed in the preceding sentence must follow the procedures for contesting such a designation set forth in paragraph 21 below.  In agreeing that parties and third-parties may designate material as Confidential or Highly Confidential the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 21 below.

7. Information disclosed during a deposition of any party or third-party, or one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, may be designated by any party, or by any third-party being deposed, as Confidential or Highly Confidential by indicating on the record at the deposition that the testimony is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and is subject to the provisions of this Order.

8. Any party, or any third-party who is being deposed, may also designate information disclosed at such deposition as Confidential or Highly Confidential by notifying all of the parties in

writing within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential. Each party or third-party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

9. All deposition transcripts shall be treated as Highly Confidential for a period of thirty (30) days after the receipt of the transcript, except that this provision shall not prevent a deponent from reviewing his or her deposition for purposes of review and signing and/or correcting the transcript. All depositions involving information designated as Confidential or Highly Confidential shall be attended only by the court reporter, the witness, their counsel, and appropriate Qualified Persons as defined below in paragraph 11.

10. To the extent possible, the court reporter shall mark transcripts as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" when so designated.

### **ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

11. Confidential Information may only be disclosed to the following individuals ("Qualified Persons"):

    (a) Counsel of record for any party, and employees of such counsel, to whom it is reasonably necessary that the Confidential or Highly Confidential Information be shown for purposes of this litigation;

    (b) Actual or potential independent experts or consultants who have signed a document in the form attached as Exhibit A to this Order;

    (c) Parties or party representatives (corporate officers, or employees for a corporate party) to whom it is reasonably necessary that the Confidential Information be shown for purposes of this litigation;

    (d) In-house counsel for any party;

    (e)    Court personnel, including stenographic reporters, video reporters and/or translators engaged in such proceedings as are necessarily incident to this litigation, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this litigation;

    (f)    Other witnesses and their counsel during the course of a deposition assuming the witness authored, prepared, received, or previously had access to the Confidential or Highly Confidential Information and agrees to execute a document in the form attached as Exhibit A to this Order;

    (g)    Any other person designated as a Qualified Person by agreement of the parties, or further order of this Court, after notice and an opportunity to be heard is provided to all parties.

12. Highly Confidential Information may only be disclosed to the individuals identified in subsections (a), (b), (e), (f) and (g) of paragraph 11.

13. Any Confidential or Highly Confidential Information produced or otherwise made available in this litigation shall be used for the purposes of this litigation only and for no other business, competitive, personal, private, public, or other purpose, and shall not without leave of this Court be disclosed other than as authorized by this Order. Prohibited use of Confidential and Highly Confidential Information includes, but is not limited to, contact with the media, and public comment or discussion of any kind.

## PREVIOUSLY PRODUCED CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

14. Documents, information, and other materials previously produced in this litigation may be retroactively designated Confidential or Highly Confidential by written notice within thirty (30) days of the entry of this order. The written notice shall identify by Bates number the

documents, information and other materials being designated as Confidential or Highly Confidential.

## INADVERTENT FAILURE TO MAKE "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" DESIGNATION

15. Documents, information, and other materials inadvertently produced without a designation as Confidential Highly Confidential at any time during this litigation may be retroactively designated in the same manner as paragraph 14 above and shall be treated as Confidential or Highly Confidential Information from the date on which the notice of the designation is provided. Any party or third-party retroactively designating documents previously produced as Confidential or Highly Confidential has the right at its discretion to provide a replacement production set with the same Bates numbers as the original, but with the Confidential or Highly Confidential designation appearing on the document(s) pursuant to paragraph 4 of this Order. Upon receipt of the replacement production set, each party receiving the replacement production set shall within fourteen (14) days return the original production that bears the applicable Bates numbers, or certify that the original production set has been destroyed.

## USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION DURING HEARINGS OR TRIAL

16. Nothing herein shall prevent any counsel of record from using Confidential or Highly Confidential Information during any hearings conducted in this litigation, or at trial in this litigation. Any counsel displaying or disclosing Confidential or Highly Confidential Information during any hearing or trial shall have a good-faith basis for making the disclosure and shall provide notice of all Confidential information it intends to display or disclose at any trial or hearing to all other parties at least seven days prior to the hearing or trial, or if compliance with such timeframe is not reasonably possible, at the earliest possible time. In the event any Confidential or Highly Confidential Information is shown to a witness or otherwise displayed or disclosed during a hearing or at trial, it shall not lose the protections set forth in this Order. Counsel for each party shall

disclose such Confidential or Highly Confidential Information in a manner that will protect the information from further disclosure. Any witness shown Confidential or Highly Confidential Information during a hearing or trial in this litigation shall state under oath on the record, or shall execute an affidavit or declaration in the form attached as Exhibit A, that he or she has agreed to be bound by this Order.

17.     Counsel for the parties will confer regarding procedures necessary to protect the Confidential or Highly Confidential Information used in the course of any hearing or trial whenever practicable, and the Court may issue any orders in connection therewith.  For example, the Court may direct that attendance at those portions of the hearing or trial, or access to the transcripts of those proceedings, in which Confidential or Highly Confidential Information is disclosed, be restricted to only Qualified Persons.

### INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

18.     A party's inadvertent production of documents, information, or other materials in this action shall not in itself be deemed to waive any claim of attorney-client privilege, attorney work-product protection, or of any other protection that might exist with respect to such documents, information or other materials, or to any other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced. In the event of such inadvertent production of any documents, information, or other materials, whether in hard copy or electronic format, the parties shall follow the procedures set forth in their Agreed Order on ESI relating to the inadvertent production of privileged or otherwise protected documents, information, or other materials.

### INADVERTENT PRODUCTION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

19.     In the event of inadvertent production of Confidential or Highly Confidential

7

Information to a person or entity that is not a Qualified Person, or any other person permitted to view the information under this Order, the party that inadvertently disclosed such Confidential or Highly Confidential Information shall promptly take all practical steps to retrieve the information and prevent its further disclosure. The party that inadvertently disclosed the Confidential or Highly Confidential Information shall also promptly notify the party that designated the information as Confidential or Highly Confidential within seven (7) days of the inadvertent disclosure of the steps being taken to rectify the disclosure, including requiring any individual who received the Confidential or Highly Confidential Information in violation of this Order to execute an affidavit or declaration in the form attached as Exhibit A.

## CHALLENGES TO DESIGNATIONS

20.     A party shall not be obligated to challenge the propriety of a designation as Confidential or Highly Confidential at the time the designation is made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party disagrees at any stage of these proceedings with a Confidential or Highly Confidential designation by any party or third-party, or with the designation of any person as a Qualified Person under paragraph 11 of this Order, the parties or third-parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party or third-party that made the designation.  The party or third-party making such designation shall respond to any such objection within fourteen (14) days indicating whether it will agree to alter or withdraw the designation.  If the designating party does not agree to alter or withdraw the designation as requested, the challenging party may move the Court for an Order to withdraw or alter the designation within ten (10) days of receipt of the designating party's refusal to withdraw or alter the designation as requested.  The designating party bears the burden of proving to the Court that the designated material contains Confidential or Highly Confidential information worthy of

8

protection.

## FILING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION UNDER SEAL

21. All Confidential and Highly Confidential Information, including, but not limited to, any Confidential or Highly Confidential Information contained in any transcripts of depositions, exhibits, answers to interrogatories, answers to requests for admissions, briefs and memoranda of law, shall be filed with the Court under seal pursuant to Local Rule 79.3(a)(2)  Such Confidential or Highly Confidential Material filed with the Court for any purpose will be submitted to the Clerk's Office in accordance with the provisions of Local Rule 79.3, including being submitted in a securely sealed envelope, with a conspicuous notation that the envelope contains "DOCUMENTS UNDER SEAL," the case number, case caption, a date or reference to this Order, and a non-confidential descriptive title of the document noted on the face of the envelope.  If any party or third-party fails to file any Confidential or Highly Confidential Information under seal, the designating party or any other affected person may request that the Court place the filing under seal without waiver of any other remedy to the designating party or to the affected person and without releasing the filing party from liability for violating this Order.

## RETURN OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION AFTER TERMINATION

22. Within sixty (60) days after conclusion of this litigation, including any appeals therefrom, all documents containing any Confidential or Highly Confidential Information produced by a party or third-party in this litigation, including all extracts or summaries of Confidential or Highly Confidential Information shall be returned to the producing party or certified as having been destroyed by counsel for the receiving party, except to the extent that such information was used as evidence during the litigation or as this Court may otherwise order. The provisions of this Order that restrict the disclosure and use of Confidential or Highly Confidential Information shall be

binding during this litigation and any appeal thereof and continue to be binding after conclusion of this litigation and conclusion of any appeal thereof. Notwithstanding the foregoing, nothing in this Order shall restrict or prevent (a) counsel or parties to the litigation from retaining copies of pleadings and motions, work product or other materials that may contain Confidential or Highly Confidential Information (b) further use of Confidential or Highly Confidential Information contained in exhibits permitted by this Order to be filed publicly with the Court and not under seal, or (c) a party from seeking written permission of the designating party or order of the Court with respect to dissolution or modification of this Order.

## MISCELLANEOUS PROVISIONS

23. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order.

24. Nothing in this Order shall be construed to be an admission of relevance, discoverability, or to affect in any way the admissibility of any documents, testimony, or other evidence in this litigation. This Order is without prejudice to the right of any person to bring before the Court at any time the question of whether any particular document or information is discoverable or admissible.

25. Nothing in this Order shall preclude any party from using its own Confidential or Highly Confidential Information in any manner, without prior consent of any party or the Court. If a producing party knowingly discloses its own Confidential or Highly Confidential Information in a pleading filed in the Court's public record, or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed unless such disclosure was inadvertent and the disclosing party takes reasonable measures to retrieve and protect the Confidential or Highly Confidential Information.

26. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying or seeking relief from this Order.

27. The parties agree to be bound by the terms of this Order until such time as the Court rules thereon, and thereafter, the parties will be bound by the ruling of the Court.

**IT IS SO ORDERED.**                        Dated: October 20, 2015


/s/ Terence P. Kemp
United States Magistrate Judge

Agreed to and submitted by:

s/*Mark A. Johnson*
Mark A. Johnson (0030768)
Trial Attorney
BAKER HOSTETLER LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:     614.228.1541
Facsimile:      614.462.2616
Email: mjohnson@bakerlaw.com

*Co-Counsel:*
Rodger L. Eckelberry (0071207)
Robert J. Tucker (0082205)
Jacqueline K. Matthews (0086259)
BAKER HOSTETLER LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH  43215-4260
Telephone:     614.228.1541
Facsimile:      614.462.2616
Email: reckelberry@bakerlaw.com
           rtucker@bakerlaw.com
           jmatthews@bakerlaw.com

*Attorneys for Defendant American Modern Home Insurance Company*

s/*Troy J. Doucet*
Troy J. Doucet (0086350)
Trial Attorney
DOUCET & ASSOCIATES CO., LPA
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
PH: 614-944-5219
FAX: 818-638-5548
Email:  Troy@TroyDoucet.com

*Co-Counsel:*
Bridget M. Wasson (0084457)
Jonathan Layman (0087609)
DOUCET & ASSOCIATES CO., LPA
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
PH: 614-944-5219
FAX: 818-638-5548
Email:  jonathan@troydoucet.com
            bridget@troydoucet.com

*Attorneys for Plaintiff*


s/*James S. Wertheim*
James S. Wertheim (0029464)
Trial Attorney
MILLER GOLER FAEGES LAPINE LLP
1301 East 9th Street, Suite 2700
Cleveland, OH 44114-1835
Ph: (216) 696-3366
Fax: (216) 363-5835
Email: wertheimjim@gmail.com

*Co-Counsel:*
Kimberly Y. Smith Rivera (0066849)
MCGLINCHEY STAFFORD
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
Email:  kyrivera@mcglinchey.com

*Counsel for Defendant
Friendly Finance Corporation*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MONICA S. ROSE, | Case No.: 2:15-cv-1032 |
| Plaintiff, | Judge George C. Smith |
| v. | Magistrate Judge Terence P. Kemp |
| FRIENDLY FINANCE CORPORATION, *et al.*, | |
| Defendants | |

**DECLARATION OF CONFIDENTIALITY**

I hereby acknowledge that I am about to receive information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" supplied in connection with the above referenced litigation. I have received and read a copy of the Stipulated Confidentiality and Protective Order entered in this case.

I understand and agree to be bound by the terms of the Stipulated Confidentiality and Protective Order, and I agree not to disclose or use this information except in accordance with the terms of the Stipulated Confidentiality and Protective Order. I will not copy or use the Confidential or Highly Confidential Information I am about to receive except for purposes of this litigation unless such information is or becomes public information in accordance with the terms of the Stipulated Confidentiality and Protective Order.

I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any intentional violation of the Stipulated Confidentiality and Protective Order.

I further agree that, upon termination of this litigation, or sooner if so requested, I will

return to counsel all Confidential and Highly Confidential Information provided to me, including any copies and excerpts of such Confidential or Highly Confidential Information.

I understand that failure to abide by the terms of the Stipulated Confidentiality and Protective Order may result in legal action against me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____         By: _____

                                       Name: _____

Address: _____     Title: _____

_____       Present Occupation or Job Description:

_____       _____

                                       Employer: _____