IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Monica S. Rose,                    :

        Plaintiff,              :     Case No. 2:15-cv-1032

     v.                           :

Friendly Finance Corp.            :     Magistrate Judge Kemp
et al.,

      Defendants.                :


OPINION AND ORDER

    This matter is before the Court on plaintiff Monica S.
Rose's motion to dismiss the counterclaims filed by defendant
Friendly Finance Corporation (Doc. 15) and Friendly Finance
Corporation's motion for judgment on the pleadings (Doc. 26).
Also before the Court is Friendly Finance Corporation's motion
for leave to file a response to Ms. Rose's sur-reply *instanter*
(Doc. 45), which will be granted.  For the reasons set forth
below, the Court will grant Ms. Rose's motion to dismiss Friendly
Finance's breach of contract counterclaim only to the extent that
it requests attorney's fees and dismiss the conditional
counterclaim against the putative class members.  Also, Friendly
Finance's motion for judgment on the pleadings will be granted in
part and denied in part; it will be granted as to Ms. Rose's
breach of fiduciary duty claim (count II) and declaratory
judgment claim (count VI) and will be denied as to Ms. Rose's
breach of contract claim (count I), RICO claim (count IV), and
unjust enrichment claim (count V).

I. Background

    Plaintiff Monica S. Rose filed a six-count class action
complaint in this Court against defendants Friendly Finance
Corporation ("Friendly Finance") and American Modern Home

Insurance Company ("American Modern").  In the complaint, Ms. Rose alleges that Friendly Finance provided her and the putative class members with financing for automobile loans.  Ms. Rose alleges that Friendly Finance improperly added the cost of automobile insurance, procured through American Modern, to her loan balance and the loan balances of the putative class members, a practice known as force-placing insurance.  According to Ms. Rose, the force-placing of insurance was improper because she and other putative class members had already purchased automobile insurance, and the cost of adding the second, unnecessary policy resulted in a significant increase in the amount of their respective loans.  Ms. Rose asserts that, on at least one occasion, Friendly Finance rejected her own insurance policy on the grounds that the deductible was too high (specifically based upon its claim that the contract required her to have an insurance policy with a deductible no higher than $1,000), but no contract terms permitted Friendly Finance to do so.  Ms. Rose further alleges that Friendly Finance falsely represented that it obtained individual policies for her and the putative class members when, in fact, it simply added them to its existing master policies with American Modern.  Ms. Rose asserts that Friendly Finance used this practice in order to improperly impose fees on her and the putative class members, "which Friendly Finance misrepresented were 'premiums' for their individual policies, and split the fees with American Modern." (Doc. 1 at ¶6).  Ms. Rose alleges that Friendly Finance's conduct of force-placing insurance and improperly charging fees violated the contracts that she and the other putative class members had with Friendly Finance.  Ms. Rose further alleges that Friendly Finance received "kickbacks" from American Modern, which it referred to as "commissions," and "passed the cost onto [her] and the other Class Members." Id. at ¶7.  Ms. Rose asserts that:

> [t]hese "commissions" were improper because, *inter alia*:
> (1) Friendly Finances' [sic] contracts with Rose and
> other Class Members prohibited them; (2) Friendly Finance
> did no work to obtain the insurance and, therefore, had
> no right to claim 'commissions' for doing so; and (3)
> Friendly Finance did not have a license to sell insurance
> and receive commissions.

<u>Id</u>. Ms. Rose alleges that as a result of Friendly Finance's
conduct, her loan balance was improperly increased on a number of
occasions, creating higher monthly payments and lengthening the
term of her loan.

Eventually, Ms. Rose stopped making payments on her loan.
Friendly Finance repossessed her automobile and filed a lawsuit
against her in the Franklin County Municipal Court to collect the
loan balance. Ms. Rose alleges that

> [d]uring discovery in the Franklin County Municipal Court
> action, [she] uncovered Friendly Finance's unlawful
> conduct with American Modern and sought leave to amend
> her answer to file a counterclaim against Friendly
> Finance, asserting the same claims she is asserting here.
> In response, in an effort to evade the claims and avoid
> answering for its unlawful conduct, Friendly Finance
> immediately dismissed its case against Rose before the
> Municipal Court could rule on Rose's motion for leave to
> amend.

<u>Id</u>. at ¶9. In this case, the complaint sets forth the following
claims: breach of contract against Friendly Finance (count I),
breach of fiduciary duty against Friendly Finance (count II),
aiding and abetting breach of fiduciary duty against American
Modern (count III), violation of the Racketeer Influenced and
Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.* ("RICO")
against Friendly Finance and American Modern (count IV), unjust
enrichment against Friendly Finance and American Modern (count
V), and declaratory judgment against Friendly Finance and
American Modern (count VI). It also includes the following
prayer for relief: injunctive relief prohibiting such further

unlawful conduct by Friendly Finance and American Modern in the future, a declaratory judgment declaring the rights and relations of the parties, an award of each class member's maximum damages resulting from the allegedly unlawful conduct, including interest, an award of treble damages, punitive damages, and attorney's fees and costs, an order certifying that this action is a class action, establishing an appropriate class and subclasses the Court deems appropriate, finding Ms. Rose to be proper class representative of the class, appointing the lawyers representing Ms. Rose as counsel for the class, and such other relief as the Court deems just and proper.

Friendly Finance has asserted a counterclaim against Ms. Rose for breach of contract. (Doc. 11 at 18).[1] Specifically, Friendly Finance asserts that Ms. Rose breached the contract by failing to make the scheduled installment payments and by failing to obtain insurance. Friendly Finance alleges that Ms. Rose owes a deficiency balance of $4,727.09 plus interest and reasonable attorney's fees. Friendly Finance also asserts a "conditional counterclaim" as follows:

> to become effective if and when a putative class becomes certified in whole or in part, against any member of the class who is in default under the agreements with [it], unless those defaults and/or deficiency amounts are the subject of a prior judgment or are scheduled in a pending bankruptcy case.

Id. Friendly Finance attempts to reserve the right to amend and supplement its conditional counterclaim upon any certification of a class. Friendly Finance seeks the following relief: a judgment in its favor and against Ms. Rose on all claims in the complaint,

---

[1] Throughout this case, the parties use the singular "contract" and the plural "contracts" to refer to the agreement between them. For consistency and ease of reference, the Court will refer to the agreement as the "contract." The Court's reference to the singular contract shall not be construed as a finding that the agreement consists of one document or more than one document; that specific issue is not before the Court for resolution.

-4-

dismissing the complaint with prejudice, and requiring Ms. Rose to pay all costs of this action, a judgment in its favor and against Ms. Rose on its counterclaim, and such other relief as may be proper in law and equity.  Further, to the extent that a class is certified, Friendly Finance requests that the Court enter judgment in its favor against any class member meeting the criteria set forth in its conditional counterclaim for all amounts owed, plus all interest, costs, and all attorney's fees allowed by law.

## II. <u>Motion to Dismiss</u>

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Gunasekera v. Irwin</u>, 551 F.3d 461, 466 (6th Cir. 2009).  Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts.  <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  <u>Roth Steel Prods. v. Sharon Steel Corp.</u>, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  <u>See Rauch v. Day and Night Mfg. Corp.</u>, 576 F.2d 697, 702 (6th Cir. 1978).

Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted). As stated by the First Circuit and cited approvingly by Scheid:

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Id. It is with these standards in mind that Ms. Rose's motion to dismiss will be decided.

In her motion to dismiss, Ms. Rose moves to dismiss Friendly Finance's counterclaim against her to the extent that Friendly Finance seeks attorney's fees. Next, Ms. Rose moves to dismiss Friendly Finance's conditional counterclaim in its entirety. For the reasons that follow, the Court will grant Ms. Rose's motion to dismiss.

## A. Attorney's Fees

This Court first addresses Ms. Rose's motion to the extent that it seeks to dismiss Friendly Finance's claim for attorney's

fees. Ms. Rose claims that Friendly Finance's claim for
attorney's fees should be dismissed because Ohio law prohibits
creditors from seeking "attorney fees in debt collection suits
involving personal, family, or household debt." (Doc. 15 at 5),
citing O.R.C. §1319.02; Gionis v. Javitch, Block, Rathbone, 405
F. Supp.2d 856, 864 (S.D. Ohio 2005); Foster v. D.B.S. Collection
Agency, 463 F. Supp.2d 783, 802 (S.D. Ohio 2006). In its
opposition to Ms. Rose's motion to dismiss, Friendly Finance
argues that it is premature to dismiss its request for attorney's
fees because it may establish Ms. Rose's bad faith, which would
allow it to recover such fees. Friendly Finance also asserts
that O.R.C. §1319.02 is inapplicable to this matter because it
"relates to commercial loans, and exempts loans incurred for
purposes that are primarily personal, family, or household ...
[b]ecause Plaintiff's loan was for her vehicle, this statute is
inapplicable in the present matter." (Doc. 24 at 3). In reply,
Ms. Rose maintains that Friendly Finance's claim for attorney's
fees is contrary to Ohio law, stating:

> Pursuant to R.C. 1319.02, it is not possible to recover
> attorney fees against a consumer. In its Memorandum
> Contra, Friendly Finance states that R.C. 1319.02 relates
> to commercial loans and does not apply to loans incurred
> for purposes that are primarily personal, family, or
> household. Plaintiff correctly states that "[b]ecause
> Plaintiff's loan was for her vehicle, this statute is
> inapplicable in the present matter." However, Friendly
> Finance has misinterpreted that statute and relevant case
> law. Friendly Finance cannot recover attorney's fees
> **because** R.C. 1319.02 is inapplicable to Plaintiff.

(Doc. 25 at 1)(emphasis in original). Ms. Rose also argues that
Friendly Finance's counterclaim "fails to allege a claim based on
[her] hypothetical 'bad faith.'" Id. at 2.

Under Ohio law, "creditors are not permitted to recover
attorney fees incurred in connection with debt collection suits
involving 'personal, family, or household' debt." Foster, 463 F.

-7-

Supp.2d at 783 (Marbley, J.)(citing O.R.C. §1301.21 (currently O.R.C. §1319.02)); <u>Gionis</u>, 405 F. Supp.2d at 862. However, an exception to the rule prohibiting recovery of attorney's fees may exist if there is a finding of bad faith. <u>See McConnell v. Hunt Sports Enterprises</u>, 132 Ohio App.3d 657, 699 (1999). The question for this Court is whether Friendly Finance can maintain its claim for attorney's fees against Ms. Rose in this case based upon its assertion that it may be able to establish that she acted in bad faith.

"Ohio law incorporates bad faith into a normal contract claim...." <u>Bryan v. Bank of Am. Home Loans Servicing, LP</u>, 2011 WL 5526071, at *3 (N.D. Ohio Nov. 14, 2011). Accordingly, Ohio law does not require a claimant to bring a separate claim for bad faith breach of contract. <u>See</u> <u>id</u>. A separate claim for bad faith breach of contract is not required because it "is merely one form of breach which may allow for extra remedies," such as attorney's fees. <u>Id.</u>; <u>see also Schumacher v. State Auto. Mut. Ins. Co.</u>, 47 F. Supp.3d 618, 626 n.10 (S.D. Ohio 2014). However, as noted above, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. <u>See Scheid</u>, 859 F.2d at 436. Here, even construing the counterclaim in the light most favorable to Friendly Finance and accepting its allegations as true, Friendly Finance cannot sustain a recovery of attorney's fees. Friendly Finance merely alleges that Ms. Rose failed to make payments on her automobile loan. It has not plausibly alleged any facts to support the assertion that her failure to make those payments was in bad faith. Dismissal of the request for attorney's fees is therefore proper because Friendly Finance's counterclaim fails to set forth sufficient facts to state a claim for bad faith breach of contract which is plausible on its face. <u>See Twombly</u>, 550 U.S. at 570. Consequently, the motion to dismiss Friendly Finance's request

-8-

for attorney's fees will be granted.

B. <u>The Conditional Counterclaim</u>

Next, the Court considers the motion to dismiss Friendly Finance's conditional counterclaim.  Ms. Rose first argues that the conditional counterclaim is procedurally improper because it is brought against putative class members who are not parties unless or until the Court certifies a class.  Ms. Rose adds that the Federal Rules of Civil Procedure do not allow for conditional claims against non-parties.  Alternatively, Ms. Rose claims that the conditional counterclaim should be dismissed because "it is devoid of allegations" and "does not even state a cause of action or its elements." (Doc. 15 at 4-5).  In opposition, Friendly Finance explains that "the conditional counterclaim is pled to be conditional as to the putative class members, and does not become a counterclaim unless the class is certified." (Doc. 24 at 1-2). For this reason, Friendly Finance argues that the claim should be permitted to remain at this juncture.  In reply, Ms. Rose maintains that the "conditional counterclaim is contrary to the Federal Rules of Civil Procedure and should be dismissed." (Doc. 25 at 3).

The relevant law provides no clear answer concerning whether conditional counterclaims may proceed against non-party putative class members prior to class certification.  In examining this issue, the Court in <u>In re Bank of New York Mellon Corp. Forex Transactions Litig.</u>, 42 F. Supp.3d 520, 527 (S.D.N.Y. 2014) noted:

> Courts faced with the question of whether to allow conditional counterclaims of this nature to proceed have not acted uniformly.  Some have held that non-party putative class members are not "opposing parties" for the purposes of Rule 13 and, accordingly, cannot be subject to counterclaims.  Others have allowed such claims to go forward based, at least in part, on case management concerns.

<u>Id</u>. (footnotes omitted).  The Court in <u>Bank of New York</u> agreed
that non-party putative class members are not properly considered
"opposing parties" under Rule 13 and found it impracticable to
allow the counterclaims to remain given their speculative nature.
<u>Id</u>.  Thus, the Court in <u>Bank of New York</u> dismissed the
conditional counterclaims against the nonparty putative class
members.  <u>Id</u>.

In this case, the Court need not address whether the
counterclaims are procedurally proper prior to class
certification because, as Ms. Rose argues, Friendly Finance's
claim does not satisfy minimum pleading standards.  As noted
above, Friendly Finance's conditional counterclaim states that,
with certain exceptions relating to prior judgments and
bankruptcy cases, it is brought against any putative class member
who is in default on an agreement with it.  Friendly Finance does
not set forth any cause of action; it merely describes the
putative class members it would bring a claim against if and when
the occasion arises.  Thus, the conditional counterclaim fails to
satisfy Rule 8(a)'s requirement that Friendly Finance set forth a
"short and plain statement of the claim showing that the pleader
is entitled to relief[.]"  Based on the foregoing, Ms. Rose's
motion to dismiss Friendly Finance's conditional counterclaim
will be granted.

### III. <u>Motion for Judgment on the Pleadings</u>

The Court now turns to Friendly Finance's motion for
judgment on the pleadings. (Doc. 26).  A motion for judgment on
the pleadings filed under Fed. R. Civ. P. 12(c) attacks the
sufficiency of the pleadings and is evaluated under the same
standard as a motion to dismiss.  <u>Amersbach v. City of Cleveland</u>,
598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion,
the Court must accept as true all well-pleaded material
allegations of the pleadings of the opposing party, and the

motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6). That is, the Court must separate factual allegations from legal conclusions, and it may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Twombly, 550 U.S. at 544. It is with these standards in mind that the motion for judgment on the pleadings must be decided.

A. Breach of Contract

The Court first examines the motion for judgment on the pleadings as it applies to Ms. Rose's breach of contract claim. In count I of the complaint, Ms. Rose generally sets forth contract requirements as they pertain to Friendly Finance. Specifically, Ms. Rose alleges that the contract Friendly Finance entered into with her permitted it to force-place insurance only if she did not have insurance. Ms. Rose also alleges that, if Friendly Finance force-placed insurance, the contract limited the amount it could charge her to the premium charged by the insurance company or the amount necessary to protect Friendly Finance's interest in the vehicle. Ms. Rose further alleges that no contract terms permitted Friendly Finance to reject her insurance policy on the grounds that the deductible was too high. Further, Ms. Rose asserts that the contract did not permit Friendly Finance to charge her fees, kickbacks, commissions, or other compensation for adding her vehicle to its master insurance policy. Finally, Ms. Rose alleges that the contract had an implied covenant of good faith and fair dealing. After setting forth her view of what the relevant contract allows, Ms. Rose

-11-

generally asserts that "Friendly Finance breached its obligations ... under the contract[ ]." (Doc. 1 at ¶65).

In its motion for judgment on the pleadings, Friendly Finance asserts that Ms. Rose's own breach of contract precludes her from bringing a breach of contract claim. Specifically, Friendly Finance alleges that Ms. Rose breached the contract by failing to obtain sufficient insurance to protect Friendly Finance's interest in the property and stopping payments on the loan. Friendly Finance maintains that it properly force-placed insurance because Ms. Rose did not obtain the required coverage until after Friendly Finance had protected its interest in the vehicle. Friendly Finance also argues that it acted properly in rejecting Ms. Rose's insurance policy based on its deductible, because the policy at issue did not adequately protect its interest in the vehicle. According to Friendly Finance, the contract did not prohibit it from adding Ms. Rose to its master insurance policy and charging her for the cost. Friendly Finance asserts that Ms. Rose pleads no facts to support her claim concerning commissions or kickbacks, that commissions were permitted by the contract, and that there are also no facts in support of her contention that the force-placed insurance was unreasonably priced. Friendly Finance states that it notified Ms. Rose on five occasions by letter that, it if it had to force-place insurance, it would charge her commissions. Friendly Finance asserts that, despite these warnings, Ms. Rose did not obtain her own insurance. Friendly Finance claims that Ms. Rose fails to cite to any contract provision that it allegedly breached, and that Ms. Rose did not suffer any damages. Alternatively, Friendly Finance argues that, even if Ms. Rose suffered damages, she did not mitigate those damages by obtaining her own insurance.

In opposition, Ms. Rose argues that Friendly Finance waived

-12-

its right to act upon the alleged breach resulting from her failure to obtain insurance.  Ms. Rose points to the contract language which provides, in relevant part:

> You agree to have physical damage insurance covering the loss of or damage to the vehicle for the term of this contract.  The insurance must cover our interest in the vehicle.  You agree to name us on your insurance policy as an additional insured and as loss payee.  If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle.

(Doc. 1, Ex. C at 4, §2(d)).  According to Ms. Rose, Friendly Finance had the following options if she failed to obtain the required insurance:

> [i]t could: (1) enforce the alleged breach by repossessing the vehicle, or (2) it could choose to continue the contract by purchasing force-placed insurance.  The choice of which course of action to take was entirely at Friendly Finance's option.  Friendly [F]inance made a choice not to enforce the breach, but instead to purchase insurance and continue the Contract with Ms. Rose.  Friendly Finance cannot now claim that it is insulated from any breach of contract claim due to Ms. Rose's alleged breach after choosing to waive that breach and continue the Contract.

Id.  Thus, Ms. Rose asserts that Friendly Finance cannot rely upon her failure to obtain insurance to bar her breach of contract claim.  Stated differently, Ms. Rose asserts that her "failure to maintain insurance is not a breach of the Contract which excuses Friendly Finance's conduct."  Id. at 6.  Ms. Rose further argues that, even if Friendly Finance did not waive its right to act upon her alleged breach, her failure to obtain insurance was not a material breach which would excuse Friendly Finance's conduct.  Ms. Rose reiterates that Friendly Finance breached the contract when it added her "to a master policy for little or no cost and received large kickbacks from the insurer in an effort to enrich Friendly Finance at her expense."  Id. at

-13-

8.   Ms. Rose asserts that the warning letters sent to her about force-placement of insurance did not modify the contract terms and misled her into believing that the charges were for a premium on an individual insurance policy.   Ms. Rose also argues that Friendly Finance breached the contract "by purchasing force-placed insurance when [she] had the required insurance on the vehicle." Id. at 9.   Ms. Rose asserts that Friendly Finance improperly rejected her insurance on the ground that the deductible exceeded $1,000 because the contract had no requirement concerning the amount of the deductible.   With respect to damages, Ms. Rose states that she:

> incurred charges to her account for kickbacks to Friendly Finance due to Friendly Finance's breach, her car was repossessed and sold, and the proceeds of the sale were applied to her balance which included the force-placed insurance charges together with years of interest on those charges.   As a result of Friendly Finance's conduct, Ms. Rose paid $16,850 over five years for an $11,500 loan and was left with a balance of $10,200.

Id. at 10.   Ms. Rose states that the amount of her damages is a fact issue to be determined at trial.   For these reasons, Ms. Rose urges the Court to deny Friendly Finance's motion for judgment on the pleadings on her breach of contract claim.

In reply, Friendly Finance maintains that the contract terms did not limit the type of insurance it could buy.   Moreover, Friendly Finance states that the schedule and policy sent to Ms. Rose demonstrate that it purchased insurance which specifically covered its interest in the vehicle.   Friendly Finance reiterates that Ms. Rose does not set forth a breach of contract claim by simply "calling something a kickback." (Doc. 36 at 7).   Friendly Finance claims that it did not charge Ms. Rose a premium for the force-placed insurance.   To the contrary, it states that it charged Ms. Rose the exact amount that it was charged by American Modern.   Further, Friendly Finance asserts that Ms. Rose "admits

-14-

that she did not have insurance in place" when it force-placed
insurance and, thus, she "has made no allegations that [Friendly
Finance] purchase lender-placed insurance when she **already** had
insurance in place." Id. at 9 (emphasis in original). Friendly
Finance also argues that, although the agreement does allow a
policy with a deductible of up to $1,000, the policy Ms. Rose
obtained had a $2,500 deductible. Consequently, Friendly Finance
contends that it properly rejected the policy and force-placed
insurance consistent with the contract. Friendly Finance states
that Ms. Rose provides no case law in support of her position
that Friendly Finance waived Ms. Rose's breach by opting to
force-place insurance, and Ms. Rose's failure to obtain the
required insurance was a material breach of contract. Finally,
Friendly Finance asserts that Ms. Rose cannot properly allege any
damages from its actions and adds that, in total, Ms. Rose "paid
around $900 for five occasions of lender-placed coverage." Id.
at 10.

With leave of Court, Ms. Rose filed a sur-reply to Friendly
Finance's reply. In her sur-reply, Ms. Rose argues that Friendly
Finance improperly relied upon a document in its reply brief that
had not been produced in the pleadings. The document at issue is
captioned "Agreement to Provide Insurance." Ms. Rose asserts
that the "[a]greement lacks consideration, is unauthenticated,
and was purportedly signed sometime after Ms. Rose's contract at
issue in this matter." (Doc. 44 at 1)(emphasis in original).
Ms. Rose argues that the agreement should be excluded from the
Court's consideration. Alternatively, Ms. Rose requests that the
Court covert Friendly Finance's motion for judgment on the
pleadings into a motion for summary judgment pursuant to Fed. R.
Civ. P. 12(d). If the motion is converted, Ms. Rose also
requests that she "be given the opportunity to finish conducting
discovery to appropriately and more completely respond to the

-15-

Agreement and Friendly Finance's arguments that accompany it."
Id. at 2.

Thereafter, Friendly Finance filed a motion for leave to
file, *instanter*, a response to Ms. Rose's sur-reply.  Ms. Rose
has not opposed Friendly Finance's motion for leave.  For good
cause shown, the Court will grant Friendly Finance's motion.
(Doc. 45).  The response contained within the motion is deemed
filed.  In its response, Friendly Finance states that "[t]his
Court can determine if the Agreement should be considered as part
of the contract or necessary to complete the documentation Rose
filed with her pleadings ('because they were incorporated through
reference[,]' and 'because they were central to plaintiff's
claims.'" [sic]  (Doc. 45 at 1).  Friendly Finance states that
even if the Court decides to exclude the agreement on the grounds
that it is not part of the pleadings, it is still entitled to
judgment on the pleadings for the reasons set forth in its motion
and reply.  Friendly Finance also asserts that it "has not
attempted to introduce any evidence outside the pleadings and
therefore the Motion for Judgment on the Pleadings should not be
converted to a Motion for Summary Judgment."  Id. at 2.

In this case, Ms. Rose alleges that Friendly Finance
breached the contract with her in a number of ways.  Fed. R. Civ.
P. 12(c) does not require this Court to parse Ms. Rose's breach
of contract claim to determine if each and every alleged breach
of the contract independently states a plausible claim.  If Ms.
Rose has adequately pleaded that Friendly Finance breached the
contract in some way, then Friendly Finance's motion for judgment
on the pleadings on the breach of contract claim must be denied
as to count I of the complaint.

To prevail on a breach of contract claim under Ohio law, a
plaintiff must show (1) that a contract existed between the
plaintiff and the defendant, (2) that the plaintiff fulfilled her

-16-

obligations under the contract, (3) that the defendant failed to fulfill its obligations under the contract, and (4) that the plaintiff sustained damages as the result of the defendant's failure to fulfill its obligations under the contract. See Campbell v. George J. Igel & Co., Inc., 3 N.E.3d 219, 222-23 (Ohio Ct. App. 2013). Accepting Ms. Rose's allegations as true, this Court finds that the complaint plausibly states a claim for breach of contract. Ms. Rose alleges, inter alia, that Friendly Finance breached the contract by purchasing force-placed insurance when she already had obtained the required insurance on her vehicle. In addition, Ms. Rose alleges that she suffered damage when Friendly Finance charged her for the unnecessary force-placed insurance. Hence, Ms. Rose alleges that she entered into a contract with Friendly Finance, she fulfilled her obligations under the contract, that Friendly Finance failed to fulfill its obligations under the contract by unnecessarily purchasing force-placed insurance, and that she sustained damages as the result of Friendly Finance's conduct.

Friendly Finance argues that Ms. Rose "admits ... that she got [insurance] coverage _subsequent_ to [its] force-placing insurance." (Doc. 26 at 4) (emphasis in original), citing Compl. at ¶¶22-24. While Ms. Rose admits that on at least one occasion that she obtained insurance after Friendly Finance force-placed insurance, she also alleges more generally that "[i]n several ... instances, Friendly Finance required [her] to pay for the insurance even though [she] had other insurance in place." (Doc. 1 at ¶22). Consequently, Ms. Rose has alleged that there were instances where she obtained insurance in compliance with contract prior to Friendly Finance force-placing insurance. Taking this allegation as true and construing it in the light most favorable to Ms. Rose, the Court finds that she adequately sets forth a breach of contract claim. Ultimately, Ms. Rose will

-17-

have to satisfy her burden of producing evidence that she had
that the required insurance in place prior to Friendly Finance
purchasing force-placed insurance.  However, her allegations are
sufficient at the pleading stage.

Further, contrary to Friendly Finance's argument, Ms. Rose's
failure to obtain the required insurance in some instances does
not prohibit her from pursuing her breach of contract claim.  See
Longest v. Green Tree Servicing, LLC, 74 F. Supp.3d 1289 (C.D.
Cal. 2015)(rejecting defendants' argument that "plaintiffs'
failure to maintain hazard insurance constitutes a material
breach of the mortgage, and thus defendants' alleged breach –
i.e., the allegedly improper acquisition of ... policies – was
excused").  The contract terms expressly gave Friendly Finance
the option to continue the agreement and protect its interest in
the vehicle if Ms. Rose failed to obtain the required insurance.
Given those terms, it cannot now rely on Ms. Rose's alleged
failure to obtain insurance as a reason to bar her breach of
contract claim.  See id., citing Williston on Contracts §39:31
(4th ed.); Persaud v. Bank of Am., M.A., 2014 WL 4260853, at *8
(S.D. Fla. Aug. 28, 2014)("Contrary to Defendants' argument, the
fact Plaintiff initially breached the Mortgage when his insurance
policy lapsed does not preclude his breach of contract claim");
Hamilton v. SunTrust Mortg., Inc., 6 F. Supp.3d 1300, 1309 (S.D.
Fla. 2014)("SunTrust chose to continue the mortgage contracts by
exercising its discretion to force-place insurance after
Plaintiffs' admitted breaches ... For this reason, Plaintiffs'
prior breaches of their mortgage contracts – regardless of
whether they were material breaches – do not preclude their claim
for breach of implied covenant of good faith and fair dealing
against SunTrust").

Similarly, Friendly Finance cannot rely upon Ms. Rose's
failure to make payments on her loan to bar her breach of

contract claim.  The facts as alleged by Ms. Rose, which must be taken as true at this stage of the litigation, suggest that Ms. Rose stopped making payments to Friendly Finance because it improperly inflated Ms. Rose's loan amount and lengthened her loan term, and only after its breach of contract occurred.  If Friendly Finance's actions are responsible for Ms. Rose's stopping payment on her loan, then the Latin phrase *commodum ex injuria sua nemo habere debet* would apply, meaning that Friendly Finance, the alleged wrongdoer, should not benefit from its allegedly improper actions by barring Ms. Rose's breach of contract claim.  Because Ms. Rose sets forth a breach of contract claim sufficient to survive Friendly Finance's motion for judgment on the pleadings, the motion will be denied as it applies to this claim.

The Court notes that its decision on the breach of contract claim does not require it to reach the issue of the applicability of <u>Cohen v. American Security Insurance Co.</u>, 735 F.3d 601 (7th Cir. 2013), a case cited by the parties.  In addition, the Court notes that it did not consider the "Agreement to Provide Insurance" attached to Friendly Finance's reply brief in resolving the motion for judgment on the pleadings as to Ms. Rose's breach of contract claim.  Thus, Ms. Rose's request that the document be excluded or, alternatively, that the motion for judgment on the pleadings be converted to a motion for summary judgment will be denied as moot.

## B. <u>Breach of Fiduciary Duty</u>

Friendly Finance next asserts that it is entitled to judgment on the pleadings as to Ms. Rose's breach of fiduciary duty claim in count II of the complaint.  According to Friendly Finance, as a creditor, it was not, as a matter of law, in a fiduciary relationship with Ms. Rose, the debtor.  Friendly Finance also asserts that the agreement it entered into with Ms.

Rose makes clear that, even when it forced-placed insurance, the relationship remained "a typical, arm's-length debtor/creditor relationship" and Ms. Rose "could not reasonably [have] believed that [it] was acting in a fiduciary capacity." (Doc. 26 at 10). Friendly Finance asserts that it expressly did not undertake a duty to act primarily for Ms. Rose's benefit, Ms. Rose did not repose any special confidence and trust in it that resulted in it having a position of superiority or influence, and Ms. Rose cannot unilaterally create a fiduciary relationship with Friendly Finance. Friendly Finance also argues that Ms. Rose's claim is barred by the economic loss doctrine because that rule prevents recovery in tort for economic loss alone. Finally, Friendly Finance argues that Ms. Rose's breach of fiduciary duty claim is "barred because a breach of contract is not a tort." Id. at 12.

In opposition, Ms. Rose maintains that she had a fiduciary relationship with Friendly Finance. She argues that a "special trust" existed between the pursuant to which Friendly Finance was to "use its best judgment in selecting an insurance policy to cover the [v]ehicle." (Doc. 31 at 13). Ms. Rose argues that Friendly Finance breached its fiduciary duty to her by improperly charging her for kickbacks and non-existent premiums after it added her to its master policy with American Modern. Ms. Rose contends that Friendly Finance's breach of its fiduciary duty improperly resulted in her paying thousands of dollars in fees and interest. Ms. Rose also asserts that the economic loss doctrine does not bar her claim because it alleges that Friendly Finance breached an independent duty to her. Thus, she argues that her breach of fiduciary duty claim is not "merely a recapitulation of [her] breach-of-contract claim...." Id. at 14.

In reply, Friendly Finance reiterates that, under the relevant law, it is a creditor which owes no fiduciary duty to Ms. Rose, a debtor. Friendly Finance argues that its force-

-20-

placement of insurance did not alter their relationship. More specifically, Friendly Finance asserts that it was not acting for Ms. Rose's benefit when it force-placed insurance. To the contrary, Friendly Finance argues that it was protecting its own interest in the property when it obtained the insurance coverage from American Modern. Friendly Finance claims that it fully informed Ms. Rose "that the insurance would not cover her interests and would be expensive." (Doc. 36 at 11). For these reasons, Friendly Finance asserts that it is entitled judgment on the pleadings as to Ms. Rose's breach of fiduciary duty claim.

In order to state a claim for breach of fiduciary duty, a plaintiff must first allege "the existence of a duty arising from a fiduciary relationship." Scotts Co., LLC v. Mut. Ins. Co., 606 F. Supp.2d 722, 738 (6th Cir. 2009) (citing Strock v. Pressnell, 38 Ohio St.3d 207, 216 (1988)). Under Ohio law, a fiduciary duty arises by operation of law or as a result of a special relationship between the parties. See Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 521 (6th Cir. 1999). "A fiduciary relationship is defined as a relationship 'in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.'" Scotts Co., LLC, 606 F. Supp.2d at 738 (quoting Ed Schory & Sons, Inc. v. Society Nat'l Bank, 75 Ohio St.3d 433, 442 (1996)). A fiduciary relationship does not exist unless both parties understand that a special trust or confidence exists between them. See id. Stated differently, a single party's belief that a special relationship exists does not give rise to a fiduciary relationship. See id. The relationship of a debtor and a creditor engaged in an arm's length transaction does not, without more, give rise to fiduciary relationship. See Umbaugh Pole Bldg. Co., Inc. v. Scott, 58 Ohio St.2d 282, 282 (1979).

Because a fiduciary duty did not arise by operation of the law in this case, this Court must determine if a fiduciary duty arose as a result of a special relationship between Friendly Finance and Ms. Rose.  Ms. Rose argues that a special relationship arose based on Friendly Finance's need to select a policy to force-place insurance coverage on the vehicle.  The contract language makes clear that if Friendly Finance chose to force-place insurance, it would do so for the purpose of covering its own interest in the vehicle.  Ms. Rose does not allege any facts in support of her contention that a special trust or confidence existed between her and Friendly Finance, or that Friendly Finance understood that such a special relationship existed.  Because the relationship between Friendly Finance and Ms. Rose was that of creditor and debtor engaged in an arm's length transaction, each protecting their own interests, Ms. Rose fails to state a claim to breach of fiduciary duty which is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570.  Because Ms. Rose fails to adequately allege a duty arose from a fiduciary relationship, the Court need not examine the other elements necessary to state a claim for breach of fiduciary duty.  It is likewise unnecessary for the Court to examine Friendly Finance's arguments that Ms. Rose's claim is otherwise barred.  For these reasons, the Court will grant Friendly Finance's motion for judgment on the pleadings as it applies to the breach of fiduciary duty claim in count II of the complaint.

C. <u>RICO</u>

Next, Friendly Finance argues that it is entitled to judgment on the pleadings on Ms. Rose's RICO claim in count IV of the complaint.  More specifically, Friendly Finance argues that Ms. Rose fails to adequately set forth allegations of fraud, a scheme, or intent to deceive.  Friendly Finance also alleges that Ms. Rose fails to plausibly plead any injury resulting from the

alleged fraud.

In opposition, Ms. Rose argues that her complaint adequately alleges that Friendly Finance created an enterprise with American Modern to engage in a pattern of mail fraud. Ms. Rose states that Friendly Finance sent letters to her which included: a fraudulent misrepresentation that it was obtaining a policy for her, when it instead was simply adding her to the master policy it had with American Modern, a fraudulent misrepresentation that she was being charged a premium for the policy, when Friendly Finance had not obtained a individual policy for her and had not paid any premium to American Modern, and a fraudulent misrepresentation that the commissions that she was being charged were legitimate, when they were not. Ms. Rose further alleges that Friendly Finance also sent a letter to her which included a fraudulent misrepresentation that Friendly Finance could reject her insurance policy if it had a deductible higher than $1,000. Ms. Rose claims that Friendly Finance engaged in this fraud in conjunction with American Modern because it intended to deprive her of money or property. Ms. Rose states, "[b]y mailing letters to [her] which falsely purported that Friendly Finance was purchasing an insurance policy on the [v]ehicle from American Modern ... , Friendly Finance sought to increase Ms. Rose's balance, induce her to pay that increased balance, and deprive her of money and the [v]ehicle, which it successfully did when it repossessed her car." (Doc. 31 at 17-18). Last, Ms. Rose alleges that she suffered injury to property and a pecuniary loss due to the scheme to defraud her. For these reasons, Ms. Rose urges the Court to deny the motion for judgment on the pleadings as it applies to her RICO claim.

In reply, Friendly Finance contends that, in the communications relied upon by Ms. Rose in support of her RICO claim, it truthfully informed her that "(1) lender-placed

insurance would be purchased, (2) it would not insure her, but only [Friendly Finance's] interest in her vehicle, (3) it would be more expensive than insurance she could buy for herself, and (4) ... [Friendly Finance] or others may get a commission." (Doc. 36 at 13)(internal citations omitted). Thus, Friendly Finance claims that is no mail fraud upon which Ms. Rose can base her RICO claim. Friendly Finance also argues that there was no scheme or enterprise. In particular, Friendly Finance states that Ms. Rose "has not alleged and cannot allege that American Modern had anything to do with the communications to [her] and therefore there was no enterprise." Consequently, Friendly Finance urge to grant its motion for judgment on the pleadings as it pertains to Ms. Rose's RICO claim.

RICO makes it "unlawful for any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of the enterprise's affairs through a pattern of racketeering activity..." 18 U.S.C. §1962(c). In order to state a RICO claim for mail fraud under RICO, the claimant must set forth the circumstances of the mail fraud with particularity under Fed. R. Civ. P. 9(b). Specifically, the claimant must allege, consistent with the requirements of Fed. R. Civ. P. 9(b), the existence of a scheme or artifice to defraud, use of the mails to further the scheme or artifice to defraud, and intent to deprive the claimant of property. Slorp v. Lerner, Sampson & Rothfuss, 587 Fed. Appx. 249, 264 (6th Cir. 2014). Further, the claimant must allege that the defendants' violation proximately caused the claimant to suffer injury to business or property. Sedima, SPRL v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).

In this case, Ms. Rose alleges that Friendly Finance, in conjunction with American Modern, sent letters to her falsely indicating that, inter alia, it obtained an insurance policy for her and representing that the "premium" for the policy had been

-24-

added to her loan balance. (Doc. 1 at ¶92). According to Ms. Rose, Friendly Finance failed to obtain any such policy (and instead merely added insurance coverage for her vehicle to its master policy) and there was no premium for any policy obtained for her. Thus, Ms. Rose alleges that Friendly Finance, in conjunction with American Modern, formed a scheme to defraud her, used the mails to further their scheme, and acted with an intent to deprive her of money and property. Ms. Rose alleges that the actions of Friendly Finance and American Modern proximately caused her to suffer injury by inflating her loan amount, lengthening the term of her loan, and ultimately repossessing her vehicle.

According to Friendly Finance, it defies logic that the insurance policy it obtained for Ms. Rose was free, suggesting that the amounts it charged to Ms. Rose were indeed premiums as represented. On this basis, Friendly Finance claims that Ms. Rose's claim is implausible. Although Friendly Finance's argument may have merit when considered in the context of a motion for summary judgment, it fails to consider that, at this stage of litigation, this Court must accept Ms. Rose's allegations as true. As set forth above, Ms. Rose has specified the allegedly fraudulent statements, identified the speaker, plead when and where the statements were made, and explained why the statements were fraudulent. In addition, Ms. Rose alleges that she suffered financial injury and injury to her property, and that Friendly Finance's conduct proximately caused her to suffer such injury. Thus, Ms. Rose's has satisfied the requirements of Fed. R. Civ. P. 9(b). See Republic Bank v. Bear Stearns & Co., Inc., 683 F.3d 239, 247 (6th Cir. 2012). Although Friendly Finance argues that there was no enterprise with American Modern because Ms. Rose "has not alleged and cannot allege that American Modern had anything to do with the

communications" sent to her (an argument which may have merit),
it raises this argument for the first time in its reply brief.
(Doc. 36 at 15). Thus, that issue is not properly before the
Court for consideration. See Scottsdale Ins. v. Flowers, 513
F.3d 546, 553 (6th Cir. 2008)(noting that issues are waived when
they are raised for the first time in a reply brief). For the
reasons set forth above, the Court will deny the motion for
judgment on the pleadings as to Ms. Rose's civil RICO claim in
count IV of the complaint.

### D. Unjust Enrichment

Friendly Finance also moves for judgment on the pleadings on
Ms. Rose's unjust enrichment claim. Specifically, Friendly
Finance alleges that the Court should dismiss Ms. Rose's unjust
enrichment claim because the parties' relationship is governed by
contract. In opposition, Ms. Roses relies upon Gorsuch v.
Financial Freedom, 2014 WL 4675453, at *4 (N.D. Ohio Sept. 18,
2014) in arguing that Ohio law allows for an unjust enrichment
claim despite the existence of a contract where a claimant
alleges that "it has been charged for kickbacks, commissions, and
other compensation that is not legitimately earned." (Doc. 31
at 19). In reply, Friendly Finance maintains that Ohio law does
not permit unjust enrichment claims where a contract governs the
relationship. Friendly Finance attempts to distinguish the
Gorsuch decision, stating that "the court, after rejecting the
breach of contract claim and finding a valid contract that was
not breached, allowed the unjust enrichment claim to go forward
based upon 'detailed' allegations about kickbacks and a
contractual relationship between the insurer and lender and the
charging of 'inflated' premiums." (Doc. 36 at 16). Friendly
Finance asserts that this matter is factually distinct and
reliance on that decision is contrary to well established law.

Friendly Finance is correct in its assertion that Ohio law

-26-

typically does not permit a claim for unjust enrichment when
there exists an express contract between the parties on the
subject matter at issue.  However, a claim for "unjust enrichment
may be pled in the alternative when the existence of an express
contract is in dispute, Lightbody v. Rust, 2003 WL 21710601, at
*8 (Ohio App. 2003), and may be maintained despite the existence
of an express contract where there is evidence of fraud, bad
faith, or illegality." Resource Title Agency, Inc. v. Morreale
Real Estate Servs., Inc., 314 F. Supp.2d 763 (N.D. Ohio
2004)(citing Wolfer Enterprises v. Overbrook Development Corp.,
132 Ohio App. 3d 353. 358 (1999)); see also Barnes v. First
American Title Ins. Co., 2006 WL 2265553, at *10 (N.D. Ohio Aug.
8, 2006)(finding that the plaintiff satisfied the pleading
requirement through, inter alia, "averments of fraud" and noting
that "Ohio law clearly supports pleading in the alternative,
permitting Plaintiffs to plead both breach of contract and unjust
enrichment claims, though they may not prevail on both").  Based
on the foregoing, the Court will deny the motion for judgment on
the pleadings as to the unjust enrichment claim in count V of the
complaint.

## E. Declaratory Judgment

Finally, Friendly Finance moves for judgment on the
pleadings on Ms. Rose's claim for declaratory judgment.  Friendly
Finance alleges that Ms. Rose alleges no ongoing or future harm
and, consequently, she "lacks standing to pursue declaratory
relief for her purely retrospective, alleged injury." (Doc. 26
at 20).  In opposition, Ms. Rose argues that the governing
statute, namely O.R.C. §2721.01, does not require a claimant to
demonstrate the likelihood of future harm.  Ms. Rose states that,
instead, the statute requires that "a real controversy exist[ ]
between the parties, which is justiciable in character, and that
speedy relief is necessary to the preservation of rights which

may be otherwise impaired or lost." (Doc. 31 at 20) (citing
Reinbolt v. National Fire Ins. Co. of Hartford, 158 Ohio App.3d
453, 458 (6th Dist. 2004)). Applying the statute to this case,
Ms. Rose asserts that:

> a real controversy exists between the parties regarding
> Friendly Finance's alleged right to charge Ms. Rose for
> a force-placed insurance policy. The controversy is
> justiciable in character because this Court can issue a
> decision declaring the rights and relations of the
> parties. Speedy relief is necessary because Ms. Rose is
> currently being sued by Friendly Finance for an unpaid
> balance which includes fees charged to her account for
> force-placed insurance and the resulting interest
> thereon. Therefore, Ms. Rose has presented an appropriate
> issue for declaratory judgment pursuant to Ohio's
> declaratory judgment statute R.C. 2721.01 et seq. and
> Friendly Finance Corporation's Motion for Judgment on the
> Pleadings as to Ms. Rose's request for declaratory
> judgment must be denied.

Id. In reply, Friendly Finance asserts that adopting Ms. Rose's
position would result in every breach of contract case giving
rise to a declaratory judgment claim. Friendly Finance
reiterates its position that Ms. Rose lacks standing to bring a
declaratory judgment claim because she alleges no future injury
or ongoing relationship with it. Friendly Finance adds that
"[t]he claims of the parties will not be resolved or clarified by
the court interpreting the contract" and there is no justiciable
issue as to whether it can force-place insurance under the
contract. (Doc. 36 at 17). For these reasons, Friendly Finance
urges that the declaratory judgment claim fails as a matter of
law.

The Court of Appeals has explained the applicable law as
follows:

> Ohio law permits individuals to pursue declaratory
> judgments, see Ohio Rev. Code §2721.01 et seq., for
> purposes that include the determination of "question[s]
> of construction" under a contract. Ohio Rev. Code
> §2721.03. A declaratory judgment in federal court must

still present a justiciable controversy. _See_ 28 U.S.C. §2201 ("In a case of _actual controversy_ within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added). In order to satisfy this threshold requirement regarding a declaratory judgment claim, [the plaintiff] must demonstrate that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pac. Coal & Oil, Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941); United States v. I.C.C., 337 U.S. 426, 430-31, 69 S. Ct. 1410, 93 L. Ed. 1451 (1949)("[C]ourts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented.").

City of Parma, Ohio v. Cingular Wireless, LLC, 2008 WL 2178108, at *5 (6th Cir. 2008). A claim for declaratory judgment is properly raised if it alleges "actual present harm or significant possibility of future harm." Fieger v. Ferry, 471 F.3d 637, 643 (6th Cir. 2006). A claimant may not rely on past injury alone to confer standing to bring a declaratory judgment claim. Id.

As Friendly Finance points out, in this case, the car has been repossessed and the parties do not have a continuing or future relationship. Here, a declaration of the rights and obligations of the parties is not of sufficient immediacy to warrant the issuance of a declaratory judgment. Because Ms. Rose fails to demonstrate a significant possibility of future harm if her declaratory judgment claim is not maintained, the Court will grant Friendly Finance's motion for judgment on the pleadings as to this claim.

## IV. Conclusion

For the reasons set forth above, Ms. Rose's motion to dismiss the counterclaims is granted. (Doc. 15). More specifically, the Court dismisses Friendly Finance's counterclaim against Ms. Rose to the extent that it requests attorney's fees.

Ms. Rose has not sought to dismiss the remainder of Friendly Finance's breach of contract claim.  Hence, that claim (with the exception of the request for attorney's fees) remains pending.  In addition, the Court dismisses the conditional counterclaim against the putative class members in its entirety.  Friendly Finance's motion for leave to file a response to Ms. Rose's sur-reply *instanter* is granted.  (Doc. 45).  The response contained within the motion is deemed filed.  Friendly Finance's motion for judgment on the pleadings is granted in part and denied in part.  (Doc. 26).  In particular, Friendly Finance's motion for judgment on the pleadings is granted as to Ms. Rose's breach of fiduciary duty claim (count II) and declaratory judgment claim (count VI).  However, Friendly Finance's motion for judgment on the pleadings is denied as to Ms. Rose's breach of contract claim (count I), RICO claim (count IV), and unjust enrichment claim (count V).

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge